Opinion of the Court, by
Judge Mills.
THIS is an ejectment, brought to try the validity of conflicting grants. That set up by the lessor of the plaintiff, is the eldest, and its boundary is admitted, and that it covers the residence of the tenant when suit was commenced. It issued in the name of Charles Fleming, for 18,000 acres. The parties also admit the will of Fleming, which devises one moiety of this tract to three trustees, to be sold for the payment of debts and legacies, by the will specified. An agreed case is then made, setting out a long chain of conveyances from Fleming, the patentee, for part, and from the aforesaid trustees under the will, for another part, to the lessor of the plaintiff, together with some letters of attorney, by which some of these conveyances were made; and also, some depositions proving these letters attorney and some of the conveyances. Although these conveyances and letters of attorney are exhibited as part of the agreed case, yet the admission of them in evidence, is, at the same time, objected to, “ because, as the defendants say, the said deeds and depositions accompanying them, with the certificates of proof and recording thereof, were not sufficient in law to enable the plaintiff to recover in this action, and were not so certified as to authorise the reading thereof in a court of law, upon the trial of an action of ejectment, without further evidence. But the plaintiff insisted that said papers were sufficiently authenticated, and that the depositions and certificates of officers annexed, being all the evidence introduced to prove their authentication, did vest title in the lessor of the plaintiff, and that, consequently, judgment ought to be rendered for him; and the parties agreed that the aforesaid objections should be made to the court, and the reasons in support and against the admissibility of the title papers, urged to the court; and that, if the case should be for the plaintiff, and the title found to be in his lessor, judgment should be rendered for the plaintiff to the full extent of the title so found to be in him at the time of *293 the demise; but if the law should be in favor of the defendant, and the title aforesaid not vested lawfully in the lessor of the plaintiff, then judgment should be entered for the defendants, reserving to either party the right of appealing or prosecuting a writ of error. The whole object of this admission being, (as boundary was admitted, and every other matter necessary for the plaintiff to prove, was also admitted to be proved,) to submit the question to the court, whether the papers aforesaid could be lawfully read as evidence against the defendant, and saving the point in this manner, it was also agreed, should have the same effect as if the defendant had objected thereto upon a trial before a jury, and the points had been saved by bills of exception.”
Clerks are not authorised to record any certified deeds which are not presented to them within the time prescribed by law, after the date of the certificates.
1 Dig. 312.
1 Dig. 310.
The court below rendered judgment for the plaintiff, from which the defendant has appealed.
It is evident, from a fair construction of the aforesaid agreement, that the admissibility of the title papers as evidence, some being offered on proof of execution, and others as recorded instruments, forms the first question to be determined; and it will be entirely unnecessary to determine upon the effect of these deeds, unless the whole chain is admitted as competent and proper testimony.
The first departure of title from the patentee, Fleming, is a deed executed by him to John and William Bryan, of New-York, for a large undivided portion of the 18,000 acre tract, dated August 8th, 1794, and on the same day acknowledged before, and certified by two justices of the peace of Woodford county, who simply state, “ that Charles Fleming, whose name is signed to the preceding deed of conveyance, acknowledged the same, in their presence, to be his act and deed,” and they thereto subscribed their names and affixed their seals. This conveyance having been made before our general act of 1796 regulating conveyances, (1 Litt. 565,) is governed by an act of 1792, (1 Litt. 153.) That act provides, “ that where any person is about to convey a tract of land, and resides in any other county than that in which the land doth lie, it shall and may be lawful for such person and his wife (if he has any) to acknowledge and subscribe a deed for the same, in the presence of two justices of the peace in the county where they reside; and such justices, having previous *294 ly examined the wife apart from her husband, whether she, with her own free will and consent, relinquished her right of dower in such lands, shall certify the same on the deed, under their hands, and a copy of such deed shall be recorded in the court of the county, within four months, and the clerk shall certify on the original deed, that a true copy thereof hath been recorded in his office; and such deed shall, eight months thereafter, be recorded in the court of the county in which the land shall lie; which shall be as lawful as if the said deed had been acknowledged or proved by the parties in open court.” The next section provides, “ that where the parties reside in any other state, and are about to convey land lying within this commonwealth, it shall be lawful for them to proceed in like manner, except that a copy need not be recorded in the county where the parties reside.”
It would seem, from other parts of this record, that Fleming, the grantor in this deed, resided in Virginia; but, take it for granted that he resided in Woodford, in this state, at that time, and it is evident that the first section of the before recited act was that which the parties attempted to comply with; and that section requires that the party should not only acknowledge, but subscribe the same in the presence of the justices; and the justices have failed to certify, in this instance, that the grantor did so. The subscribing of the deed, being as positively required by the act as that of the acknowledgment, we have no more authority to dispense with the one than the other; and it then clearly follows, that this deed was not so acknowledged and subscribed, as to entitle it to record under the act in question.
But if this objection to this deed could be gotten over, still we apprehend that the deed is inadmissible as a recorded instrument, without other proof of its execution. At September court of quarter sessions for Woodford county in 1794, it was produced in court and ordered to be recorded. The clerk certified the recording thereof on the deed, and never, until December court for the county of Mason, where the land lay, in 1796, was it produced in court and there ordered to be recorded. The acts directing the modes of recording deeds, do not direct that they shall thereafter be given in evidence, in any court, on the trial of an issue, without any other proof than the ex parte authentication *295 which entitles it to a place on its own record; nor is there any statutory provision which so directs, within the recollection of the court. But the common law principle relative to enrolled deeds, has been uniformly applied by this court to deeds recorded according to our statutes. It is not, however, every placing a deed upon record, which makes it a recorded deed. The statutes usually point out the officer or court before whom the deed is to be acknowledged, what the acknowledgment shall consist of, and how and to whom it shall be certified, and they are equally positive as to the time in which the different acts shall be done. Within these periods, the recording officers have authority to record the instrument; afterwards, such authority ceases, and by no fair construction of the act in question can the requisite of time be dispensed with. After the eight months from the recording in Woodford had elapsed, even admitting that the court of quarter sessions fills the words in the act, “ court of the county,” there existed no authority in the court of Mason to record this deed, and it must stand as a deed not recorded at all; and for this reason it was inadmissible without proof of its execution. It is, therefore, unnecessary to pursue the chain of title emanating from this deed any further, as, with its fall, all subsequent deeds deriving title from it, must fall.
1 Dig. 307.
But as this conveyance only purported to pass upwards of a moiety of the title from the patentee, there is another chain passing from the trustees appointed by the will of the patentee, which we will now consider.
On the 31st of December 1796, said trustees made a conveyance to John Bryan, of said tract, with others. This was acknowledged before the mayor of the city of Richmond in the state of Virginia, on the 2d of January 1797, and was certified by him in the usual form, and the seal of the corporation affixed. This authentication conforms essentially to the Virginia act of 1785, (4 Litt. 438,) or to our act of 1796, which follows that Virginia, and entitled the deed to be recorded here; but the deed never was presented to any recording officer in this state, until the 18th day of June 1816, after the commencement of this suit, when it was presented to, and recorded by the clerk of this court. So wide a departure from the requisitions of the acts on this subject, must be fatal to this deed, as a recorded *296 paper, as it has been recorded at an hour when there was no authority by law to do so, and it ought not to have been admitted in evidence. This cuts the chain of title claimed by the lessor of the plaintiff. It is unnecessary to examine the subsequent deeds, which depend upon it, many of which are equally defective, and are not proved by other evidence. It is also unnecessary to enquire into the regularity of the title of the lessor of the plaintiff, derived from commissioners appointed by the county court; for by the rejection of his other deeds, he has not been able to show himself in a situation to receive a title from commissioners, as a joint holder of the land.
The judgment must, therefore, be reversed with costs, and the cause remanded, with directions to enter judgment for the defendant with costs in that court.